SPENCE and another, Respondents, vs. GEILFUSS, Appellant.

*December 14, 1894 — March 5, 1895.*

(1) *Practice: Findings of fact.* (2) *Vendor and purchaser of land: Fraud: Rescission: Agency.*

1. Where, in an action for interest due on a land contract, there was a counterclaim for cancellation of the contract on the ground of fraud, findings stating generally that the allegations of the

counterclaim were not proven and that the contract was valid and binding were not a compliance with sec. 2863, R. S., providing that the judge shall state in his decision "the facts found by him."

2. One D. had an oral option to purchase land for $33,675, with the understanding that whether he purchased himself or procured another purchaser he should have a discount of $2,040. He applied to defendant to indorse his note for $3,000 for the purpose of making the first payment, stating that the price was $33,675 and that he expected to sell immediately at an advance, and offering to have the contract made out in defendant's name as security for his indorsement and to divide with him the profits of the deal. Defendant accepted and executed the land contract, and indorsed the note accordingly, and the proceeds of the note were paid to the vendors, who returned to D. the agreed discount. D. failed to pay the note, and it was paid by defendant. In an action upon the land contract, defendant counterclaimed for its cancellation on the ground of fraud. The value of the land did not appear. *Held:*

(1) The statement of D. that he expected to resell at an advance was a mere hope, opinion, or prediction as to the future, and hence could not be a basis for a claim of fraud.

(2) No claim of fraud could be based on the concealment from defendant of the discount arrangement, it not appearing that the land was not worth all and more than the amount named in the contract.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action to recover past-due interest upon a land contract. In July, 1892, the plaintiffs owned a large tract of land in the town of Wauwatosa, adjacent to the city of Milwaukee, which had recently been platted into lots and blocks. On the 11th day of that month a land contract was signed by the plaintiffs and the defendant, by the terms of which the defendant agreed to purchase eighty lots in this tract for the nominal consideration of $36,675, to be paid, $6,000 down, and the balance in three annual instalments, with interest at six per cent. The consideration was in fact but $33,675, and the first instalment was satisfied by the payment of $3,000, instead of $6,000.

The answer consisted of a counterclaim, demanding the rescission and cancellation of the contract on the ground that the defendant was induced to sign the same by fraud. The allegations of the counterclaim describing this alleged fraud are as follows: " That on and prior to July 11th, 1892, the said De Leur, concealing from defendant the fact that he was in fact acting as agent of the plaintiffs, represented to this defendant that he, said De Leur, was about to purchase from the plaintiffs the real estate hereinafter described for the sum of $33,675, and that he, the said De Leur, knew where he could sell the same immediately at a large advance, to wit, for the sum of $3,000 advance; and further represented that the said sum of $33,675 was the net cost of said land, exclusive of profit or commission to him, the said De Leur, and that the sole profit of the said De Leur in said transaction, which profit he would divide with this defendant, was to be the said advance; and requested this defendant to become surety for him, the said De Leur, by indorsing the note of said De Leur, and so enable him, the said De Leur, to obtain the sum of three thousand dollars, necessary to make the first payment on said land, and in this way enable the said De Leur to obtain said land, so that he, the said De Leur, would be enabled to make the profit aforesaid on resale; and the said De Leur offered to procure a land contract from said plaintiffs, in which the consideration named should be the whole price which said De Leur was to obtain on resale of said land, said contract to run to this defendant as grantee, for the purpose only of securing said defendant on his said indorsement upon said resale, the said lands to be so held by this defendant as security only for a short time and until the said De Leur would make such resale of the same. That in truth, at the time of making such representations and at the time of making the contract hereinafter mentioned, the said De Leur was the agent of the plaintiffs for the sale of the lots and

·real estate hereinafter mentioned, and in the employment of plaintiffs upon a commission. And this defendant alleges, upon information and belief, that the said plaintiffs well knew all the aforesaid representations of said De Leur to this defendant, and encouraged the said De Leur to make the same, and aided, countenanced, and advised such representations by said De Leur to this defendant. That the said representations of said De Leur were false and untrue, in that the actual cost of said land, exclusive of any commission, was only $31,675, and that the said De Leur had no purchaser ready to take said land, and was not himself a purchaser, and had no intention of purchasing said land, but took this mode of inducing this defendant to become a party to said land contract, and to make this defendant a purchaser of said land against his will, and with the knowledge and consent of the plaintiffs, and all in pursuance of such fraudulent collusion between the plaintiffs and said De Leur. That, relying upon such representations of said De Leur, this defendant indorsed the note of said De Leur for $3,000, and the said De Leur discounted said note so indorsed, and received $3,000 thereon; and for the purpose of securing this defendant on the indorsement of defendant aforesaid, made by defendant for the said De Leur, and under the belief that the said De Leur was a *bona fide* purchaser of said land and not a mere sales agent for the plaintiffs, this defendant, to secure the said indorsement, accepted and executed the land contract in question."

The plaintiffs' reply, in substance, denied the allegations of the counterclaim. Upon the issues presented by the counterclaim and the reply the case went to trial. The court refused to find that De Leur was an agent of the plaintiffs in the transaction, and also refused to find that the assent of *Geilfuss* was obtained by fraud or misrepresentation, and, on the contrary, found that the allegations of the counterclaim had not been proven, and that the land

contract was a valid and binding contract, and that plaintiffs were entitled to recover the interest past due thereon. From judgment in accordance with these findings the defendant appealed.

For the appellant there was a brief by *Turner & Timlin,* and oral argument by *W. H. Timlin.*

For the respondents there was a brief by *Nye & Van Wyck,* and oral argument by *E. Q. Nye.* To the point that equity will not rescind, even though there may be fraud in the procurement of the contract, unless injury has resulted to the party seeking relief, they cited 5 Am. & Eng. Ency. of Law, 331, 334, and cases cited; 21 id. 34, and cases cited; *Schubart v. Chicago G. L. & C. Co.* 41 Ill. App. 181.

Winslow, J. The findings do not advise us of the exact facts which the trial judge concluded were established by the evidence with respect to the counterclaim. There is a general statement that the allegations of the counterclaim are not proven, and also general findings and conclusions that the land contract is a valid and binding contract. But this can hardly be called a compliance with the statute which requires that the decision of the judge shall contain "the facts found by him." R. S. sec. 2863. We have therefore been obliged to examine the evidence very carefully, and have reached the conclusion that it clearly establishes the following facts as to the counterclaim, viz.: That the plaintiffs owned the real estate and were anxious to sell it; that they did not enter into any scheme with De Leur to defraud and deceive the defendant or any one else; that De Leur was not in fact their agent for the sale, in any ordinary acceptation of the term agent, but that he obtained from them a verbal option on the lots for $33,675 in case he purchased them himself or procured others to purchase them, with the understanding that he was to have a discount of $2,040 in either case; that, not having the money or credit to make

the first payment, he applied to the defendant to indorse his note for $3,000, for the purpose of making that payment, and stated the price of the land to be $33,675, and that he expected to immediately sell at an advance, and offered to have the contract made out in the defendant's name, as security for his indorsement, and further agreed to divide the profit of the deal with the defendant in consideration of his indorsement; that De Leur really expected to sell the lots to others very soon at an advance; that the proceeds of the $3,000 note were paid by De Leur to the plaintiffs, and they returned to him (De Leur) the agreed discount; that no sale having been made to others, and the note indorsed by the defendant falling due, the same was renewed and indorsed anew by the defendant, and that this second note, when due, was paid by the defendant; that De Leur entirely failed in securing any purchaser, and, when the first instalment of interest became due upon the deferred payments, this action was brought to recover it.

All of these facts appear from the testimony of the defendant himself, except the facts as to the arrangement between De Leur and the plaintiffs for the discount, and his actual receipt of such discount, and the fact as to De Leur's actual expectation to resell the land. Hence it must follow that, if there was fraud, it must consist of the concealment of the discount arrangement, or the representation that he expected to resell the land at an advance. The statement that he expected to resell at an advance may be at once dismissed from consideration, as it is clearly not a fraudulent representation. The defendant himself says in his testimony: " He didn't tell me that he had already effected any sale of the property. He only said he needed a very short time,— a general statement on his part that the property would be sold in a very short time." It is very plain from this that, if the fact was that De Leur was endeavoring to sell to others (as we have no doubt he was), the statement that he

would soon have a purchaser was a mere hope, opinion, or prediction as to the future, and not a statement of an existing or accomplished fact, and thus cannot be a basis of a claim of fraud.

We might, perhaps, stop here, as the defendant directly testified several times that the reason why he accepted the contract was on account of the representation made by De Leur that he would soon have a purchaser for the lots at an advance. But, conceding that there is some evidence that the concealment of the fact of De Leur's arrangement with the plaintiffs for a rebate had any influence on the defendant's actions, we still do not see how a claim of fraud can be based upon it. There is no claim in the pleadings or proof that the land was not worth all and more than the amount named in the contract. The defendant was a banker and a business man of long experience, and he was requested to indorse a note, and he was seeking to obtain security simply for that indorsement. He did not expect to buy the land, but he knew, when he received the contract, that if De Leur did not succeed in selling the land to others, and failed to pay the note, the only way he could make anything out of the land contract was to pay it up and take the land. Consequently, he contemplated, when he took the contract running to himself, that De Leur's note might not be paid, and that thus a contingency might arise under which he would be obliged to carry out the contract and take the land. What were the important and material facts which he should know in this view of the transaction? Plainly, all that was material for him to know was the value of the land, and how much he would have to pay to get it. He knew the exact sum that he would have to pay, and, if he did not know the value of the land, it was clearly his own fault, as he made no inquiries, and even now makes no claim that it was not worth the full contract price. He made his indorsement with exact knowledge of the obligation he as-

sumed and of the amount he would have to pay to make his security valuable, and it appears (by lack of any testimony to the contrary) that his security was of sufficient value to fully protect him. How, then, has he been wronged or defrauded by the concealment of the fact that De Leur was to receive a discount? His contract was one of indemnity for his indorsement, and he is fully indemnified. We perceive no ground upon which he can claim rescission of the contract.

*By the Court.*— Judgment affirmed.